IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY D. GARRETT,

        Plaintiff,

v.                                                               CIV 98-1531 JP/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the Motion to Reverse/Remand [Doc. 9], filed August 16, 1999 by Plaintiff ("Garrett"). The Commissioner of Social Security denied Garrett's claim for a period of disability, for disability insurance benefits, and for supplemental security income. Having considered the arguments, pleadings, administrative record and relevant law, I find that the motion is well taken and recommend that it be granted. Specifically, I recommend that the Court remand the case to the Commissioner for a proper credibility determination.

### A. Facts/Procedural Background

Garrett was almost 36 years old when he filed his applications for social security benefits October 1, 1991. [AR 145, 201] He alleged disability due to a back injury. [AR 201] After a remand by the Appeals Council, the administrative law judge ("ALJ") denied Garrett's claim. The Appeals Council then denied Garrett's request for review, making the ALJ's denial of benefits the Commissioner's final decision for judicial review.

Garrett now seeks review under 42 U.S.C. § 405(g). He asserts that the ALJ made four errors in denying his claim: (1) failing to determine that Garrett met or equaled listing 1.05(C); (2) failing to develop the record regarding Garrett's mental impairments; (3) not directing him to obtain counsel; and (4) failing to follow the Appeals Council's remand instructions. [MIS 2]

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that (1) he is not engaged in substantial gainful employment; (2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; (3) his impairment

meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*.

**C. Discussion**

After reviewing the record, I find that the dispositive issue in this case is whether the ALJ properly assessed Garrett's credibility as to his testimony about the disabling effects of his pain. Though Garrett did not raise the issue before this Court in so many words, he did alert the Appeals Council that he disputed the ALJ's credibility determination. [AR 313-14] Also, Garrett's third point of error essentially disputes the ALJ's reasons for not believing him and he has cited appropriate authorities for that proposition. [MIS 22-24] Garrett thus preserved the issue for review here. *See James v. Chater*, 96 F.3d 1341, 1344 (10th Cir. 1996). I conclude that the ALJ improperly discounted Garrett's credibility and that the improper credibility determination affected the entire analysis.[1]

*1. The ALJ erred in the determination of Garrett's credibility.*

"Credibility determinations are peculiarly the province of the finder of fact," and a court will not upset such determinations when supported by substantial evidence. *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a

---

[1] Because I find that the credibility question is key, I do not address whether at step two of the analysis, Garrett should have been found to meet listing 1.05(c). The ALJ's determination may be different under a proper credibility determination.

3

conclusion in the guise of findings.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (citing *Huston v. Bowen*, 838 F.2d 1125, 1131, 1133 (10th Cir. 1988)). The ALJ must "articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical. *Kepler*, 68 F.3d at 391 (internal quotations omitted).

The ALJ questioned Garrett's credibility because of inferences she drew from particular evidence. The ALJ believed that Garrett had closed his art gallery because the economy slowed, not because his condition worsened. Although Garrett's condition had gradually worsened, there was no report of recent trauma. Garrett failed to keep appointments with the VA, and had not consistently sought treatment or rehabilitation. Documentary evidence failed to corroborate his statements about needing to rest frequently and having bad days. Only one of the examining doctors expressly found that he had radiculopathy, and some statements in the file indicated that Garrett could perform significant activities if he could change positions and rest occasionally. [AR 14-15] I address each point in turn.

First, Garrett testified that he closed the art gallery because the slowing economy required his wife to get a job elsewhere. Because she could no longer help him at the gallery and he could not work it alone, Garrett terminated the gallery's operations. [AR 48, 90-91] Claimant's inability to work the gallery by himself, due to his impairments, is evidence of disability. *See e.g.,* 20 C.F.R. § 404.1573(b) ("If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more . . . assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level.") The ALJ's acknowledged that Garrett's condition had worsened gradually without any new trauma. It is difficult perceive how this finding undermines Garrett's credibility. On the contrary,

4

the ALJ's acceptance of a worsened condition logically supports Garrett's claims of disabling pain.

Garrett's failure to keep appointments with the VA resulted in large part from the VA's clerical errors in arranging these appointments, not because Garrett ignored them. [AR 33-34] Further, Garrett explained that he did not go to doctors for a number of valid reasons, including lack of transportation, but chiefly because the doctors could not offer him any real help. [AR 124, 35, 60] *See* Social Security Ruling 96-7p (good reasons for not seeking medical care include lack of access to free or low cost medical services, and when advised by a medical source that no further, effective treatment can be prescribed and undertaken to benefit him).

Garrett's statements about pain following on physical exertion are corroborated by his wife's testimony. [AR 58-59] The ALJ concluded that Dr. Trafton believed Garrett would have to rest occasionally, although it is unclear from the opinion precisely what the ALJ was relying on in the record. This opinion differs only in degree from Garrett's own statements about having to rest frequently. [AR 213, 231-37]

The failure of one doctor to mention radiculopathy, while the other doctor did, has little or no weight, at least to diminish Garrett's credibility. Since one source supports Garrett's claims and the other merely says nothing about the cause of his symptoms, this difference of opinion does not automatically discount Garrett's credibility. It could as easily have supported Garrett, and the ALJ gave no reason for accepting one opinion and rejecting the other. [AR 15]

The evidence relied upon above was not substantial, being inadequate to support a conclusion that Garrett was not credible. *See Glass*, 43 F.3d at 1395. At best, this evidence was equivocal when one views the record as a whole because it could also favor Garrett's position.

5

The erroneous credibility determination affected the ALJ's analysis at all subsequent steps of the sequential evaluation. Therefore, I recommend that the Court remand the case to the Commissioner for a rehearing for the ALJ to evaluate Garrett's impairments in the light of a proper credibility determination.

      2. *The ALJ made no error in not preparing a Psychiatric Review Technique (PRT) form*

Garrett has arguably waived judicial review of the failure of the ALJ to prepare a PRT form. In his request for review by the Appeals Council, he made no mention of any mental impairment whatever. [AR 305-08] The Tenth Circuit has held that issues not brought to attention of Appeals Council can be deemed waived if sufficient notice to that effect is given to the claimant. *See James,* 96 F.3d at 1343 (prospective holding). The Court notes that the Notice of Decision in this case did not inform Plaintiff that failure to raise issues before the Appeals Council can result in waiver of judicial review. Because I question whether sufficient notice was provided to Plaintiff, I will proceed to address the claimed error on the merits. *See Stephens v. Callahan*, 971 F. Supp. 1388, 1392 (N.D.Okla.1997) ("the Court in *James* was unmistakably concerned that claimants be given [adequate] notice).

I am unable to find that Plaintiff presented any evidence that he suffered from a disabling mental impairment which would mandate the completion of a PRT. A PRT must be completed if "there is evidence of a mental impairment that allegedly prevents a claimant from working." *Cruse v. United States Dept. of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir.1995).

The only evidence that refers to a mental impairment relates to depression, more aptly described as "bad moods," from which Garrett suffers *because* he is unable to work and the doctors cannot seem to help him. [AR 121-23] Nothing in the record shows that Garrett ever

6

sought treatment for depression or that he was unable to work because of the depression, even when considering it in combination with his back problems. The evidence relating to depression falls far short of the requirement that a mental impairment be severe enough to prevent a claimant from engaging in substantial gainful activity for a year or longer. *Thompson*, 987 F.2d at 1486 (10th Cir. 1993); 42 U.S.C. § 423(d)(1)(A); *see also Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997) (where claimant's allegation was viewed as an unsupported and isolated comment, it was insufficient to raise suspicion of a non-exertional impairment). In short, because the ALJ properly found that evidence of Garrett's depression was insufficient to show that the depression prevented him from working, a PRT was not required to be prepared.

    3. *The ALJ sufficiently advised Garrett as to his right to obtain counsel and satisfied its duty to develop the record on his asserted mental impairment.*

Finally, the ALJ adequately informed Garrett of his right to counsel. The ALJ not only advised Garrett of his right to representation on the record, Garrett expressly waived the right on the record. [AR 31-32] Thus, the ALJ went the extra mile, doing more than Tenth Circuit case law requires. *See Carter v. Chater*, 73 F.3d 1019, 1021 (10th Cir. 1996) (better practice is to put the advisement and waiver on the record). I am further unpersuaded that the ALJ failed to properly develop the record on the alleged mental impairment as required by Plaintiff's then-unrepresented status.

### E. Conclusion

For the foregoing reasons, I recommend that the Court remand the case to the Commissioner with instructions to evaluate Garrett's claims in light of a proper credibility determination. Objections to the foregoing may be timely filed pursuant to 28 U.S.C.§ 636(b)(1).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**

Dorsett C. Bennett II
Roswell, NM

**Counsel for Defendant:**

Joan M. Hart
Assistant United States Attorney
Albuquerque, NM

Virginia Watson
Social Security Administration
Dallas, TX